**Peter McKENNEY, Petitioner—Appellant,**

v.

**Richard E. EARLY, Warden, Respondent—Appellee.**

**No. 04–57178.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 16, 2006.

Filed Nov. 21, 2006.

---

**Holding:** The Court of Appeals held that defendant failed to establish that he suffered any prejudice by juror's pre-trial exposure to extrinsic information.

Peter McKenney, Delano, CA, pro se.

Sylvia Baiz, Esq., San Diego, CA, for Petitioner–Appellant.

Ana R. Duarte, Esq., Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: HUG, PREGERSON, and CLIFTON, Circuit Judges.

## MEMORANDUM *

California state prisoner Peter McKenney appeals the district court's denial of his petition for a writ of habeas corpus. We affirm.

Juror exposure to extrinsic information does not automatically violate a defen-

dant's constitutional rights. Due process "does not require a new trial every time a juror has been placed in a potentially compromising situation." *Smith v. Phillips,* 455 U.S. 209, 217, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982). The burden is on the defendant to demonstrate "the actual existence of such an opinion in the mind of the juror as will raise the presumption of partiality." *Murphy v. Florida,* 421 U.S. 794, 800, 95 S.Ct. 2031, 44 L.Ed.2d 589 (1975).

We have identified five factors that courts should use in deciding whether a juror's exposure to extrinsic information results in a violation of the right to an impartial jury:

> (1) [W]hether the extrinsic material was actually received, and if so, how; (2) the length of time it was available to the jury; (3) the extent to which the jury discussed and considered it; (4) whether the extrinsic material was introduced before a verdict was reached, and if so, at what point in the deliberations it was introduced; and (5) any other matters which may bear on the issue of the reasonable possibility of whether the introduction of extrinsic material affected the verdict.

*Bayramoglu v. Estelle,* 806 F.2d 880, 887 (9th Cir.1986).

The first four *Bayramoglu* factors give McKenney no help. Factor (3) is irrelevant here, because there is no evidence the jury discussed and considered Deputy Mayo's "three strikes" comment. Factors (1), (2), and (4) essentially ask how long might the extrinsic information have tainted the jury. Here, Juror 11 overheard Deputy Mayo before the trial began. McKenney argues that the earlier extrinsic information is introduced, the more presumptively prejudicial it becomes. This

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

court, however, has indicated that early exposure to extrinsic information might be better because there is more time to fix the problem. See *Bayramoglu,* 806 F.2d at 887–88 (noting that a jury's exposure to information "relatively early" in deliberations gave the trial judge a chance to question jurors and warn them anew on the use of extrinsic information). Here, the trial judge investigated immediately after learning that Juror 11 was exposed to extrinsic information, determined that the juror could remain impartial, and admonished him to consider only evidence produced at trial. The trial court's investigation was adequate to conclude that Juror 11 was not biased. See *Dyer v. Calderon,* 151 F.3d 970, 974–75 (9th Cir.1998) (holding that a trial court can conduct an informal, in camera hearing to assess juror bias, as long as all parties are represented and the investigation is "reasonably calculated to resolve the doubts raised about the juror's impartiality"). Trial counsel for McKenney was satisfied and did not seek either further investigation by the trial court or the removal of Juror 11 from the jury.

This court has used the fifth *Bayramoglu* factor to consider the "nature of the extrinsic information": Is there a "rational connection" between the extrinsic material and a prejudicial outcome at trial? *Lawson v. Borg,* 60 F.3d 608, 612 (9th Cir. 1995); *Jeffries v. Blodgett,* 5 F.3d 1180 (9th Cir.1993); *Dickson v. Sullivan,* 849 F.2d 403, 407 (9th Cir.1988). We conclude that the extrinsic evidence here would have had little, if any, impact. McKenney was on trial for being a felon in possession of a firearm. The defense stipulated that McKenney was a felon. The jurors would also learn from the testimony of McKenney's ex-wife that he had served time in prison. Since this much would come from evidence at trial, the "three strikes" comment told Juror 11 little that he would not soon know. Instead of knowing that McKenney had suffered at least one felony conviction, Juror 11 may have realized that McKenney had suffered at least two felony convictions (thus triggering the three-strikes statute). The difference between one and two (or more) felony convictions might be significant in some cases, but not here. Juror 11 never learned the content of McKenney's prior convictions, whether they related to the current case, or whether they involved firearms or violence. Since the evidence linking McKenney to the possession of the firearm was overwhelming, it cannot be concluded that McKenney suffered any prejudice from the overheard remark.

A trial error will not warrant habeas relief unless it "had a substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson,* 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). In this case, even if there was error, there was no such effect.

**AFFIRMED.**